NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4939-14T2

VERONICA WILLIAMS,

 Plaintiff-Appellant,

v.

ATLANTICARE REGIONAL MEDICAL CENTER,
JAMES LOWE, M.D., JOSEPH ZERBO, D.O.,
SCOTT URBAN, D.O. and FRANCIS J.
SALVATORE, JR., M.D.,

 Defendants,

and

JESSICA COSTABILE, D.O.,

 Defendant-Respondent.
_________________________________

 Argued March 21, 2017 – Decided May 11, 2017

 Before Judges Ostrer and Vernoia.

 On appeal from the Superior Court of New
 Jersey, Law Division, Atlantic County, Docket
 No. L-2228-09.

 Richard J. Heleniak argued the cause for
 appellant (Messa & Associates, P.C.,
 attorneys; Mr. Heleniak, on the brief).

 Joseph A. DiCroce argued the cause for
 respondent (Mr. DiCroce, attorney; Janice B.
 Venables, on the brief).
PER CURIAM

 Plaintiff appeals Law Division orders granting summary

judgment to defendant Jessica Costabile denying plaintiff's motion

for reconsideration of the summary judgment order, and directing

that her counsel pay defendant Joseph Zerbo's expert witness

cancellation fees. Having considered the record in light of the

applicable law, we affirm the orders granting Costabile's motion

for summary judgment and denying plaintiff's motion for

reconsideration, and reverse the order directing plaintiff's

counsel to pay the fees.

 I.

 On June 19, 2007, plaintiff underwent spinal surgery

performed by Dr. Zerbo, an orthopedic surgeon, and Dr. James Lowe,

a neurosurgeon, under general anesthesia administered by Dr.

Costabile. During the surgery, plaintiff suffered a tear to her

pharynx that required subsequent surgical repair and resulted in

a failure of the spinal surgery.

 On June 17, 2009, plaintiff filed a complaint alleging medical

malpractice against Zerbo, Lowe, other physicians, the hospital,

and various fictitious defendants.1 Costabile was not named as a

defendant, but plaintiff alleged that fictitiously-named John Doe

1The complaint named John Does 1 through 7 and Jane Does 1 through
7 as defendants.

 2 A-4939-14T2
and Jane Doe defendants "intubated [plaintiff] and administered

general and tracheal anesthesia," caused injury to plaintiff's

pharynx, and "took no steps to treat the injury."

 In February 2011, the court granted plaintiff's motion to

amend the complaint to add Costabile as a defendant. In March

2011, plaintiff filed an amended complaint alleging Costabile

negligently caused injury to plaintiff's pharynx during the

intubation of plaintiff and administration of anesthesia.

 Costabile subsequently filed a motion for summary judgment

asserting that plaintiff's claim was barred by the two-year statute

of limitations, N.J.S.A. 2A:14-2, and claiming plaintiff failed

to provide an affidavit of merit in accordance with N.J.S.A.

2A:53A-26 to -29. The court rejected plaintiff's contention that

her claim was timely because it was asserted in the original

complaint against a fictitious defendant in accordance with Rule

4:26-4.

 The court determined the claim was barred by the statute of

limitations because plaintiff's initial complaint alleged she was

injured as a result of the anesthesiologist's negligence, the

available hospital records identified Costabile as the

anesthesiologist, and plaintiff was not otherwise diligent in

attempting to learn Costabile's identity before the limitations

period expired. Because the court concluded plaintiff's claim was

 3 A-4939-14T2
time-barred, it did not address Costabile's argument that she was

entitled to a dismissal because plaintiff failed to serve an

affidavit of merit. The court entered a February 17, 2012 order

granting Costabile's summary judgment motion.

 Plaintiff moved for reconsideration. The court denied the

motion, finding plaintiff failed to demonstrate that the court's

summary judgment order was founded either on a palpably incorrect

or irrational basis, or that the court failed to consider or

appreciate the significance of probative competent evidence. The

court further determined the complaint should be dismissed as to

Costabile because plaintiff failed to serve an affidavit of merit.

On May 11, 2012, the court entered an order denying plaintiff's

reconsideration motion and granting Costabile summary judgment

based on plaintiff's failure to serve an affidavit of merit.

 The trial against the remaining defendants was scheduled for

January 22, 2013, but was adjourned by the court until May 20,

2013. Six days before the trial was scheduled, plaintiff's counsel

requested an adjournment. The court granted the request and

scheduled a preemptory trial date of June 24, 2013. On June 18,

2013, plaintiff's counsel commenced jury selection in a different

matter in Camden County and requested an adjournment of the trial

in this case. The court denied the request. In response to an

emergent application filed by plaintiff, we granted a stay of the

 4 A-4939-14T2
trial until June 26, 2013. The trial court then adjourned the

trial to a later date.

 In September 2013, the court granted Zerbo's motion for

summary judgment based on plaintiff's failure to serve an affidavit

of merit. Ten months later, in July 2014, Zerbo filed a motion

requesting that plaintiff pay expert witness cancellation fees

that were owed to Dr. Scott A. Rushton, M.D., Zerbo's expert

witness in the field of orthopaedic surgery. Zerbo asserted that

under his agreement with Rushton, he was obligated to pay a $4000

fee for each of the late cancellations of Rushton's scheduled

appearances at the adjourned May 2013 and June 2013 trial dates.

Zerbo claimed the trial adjournments were at plaintiff's request

and were due to her counsel's actions, and thus she should pay the

cancellation fees due Rushton.

 The court heard argument on Zerbo's motion and determined

that Rushton was entitled to reimbursement from plaintiff's

counsel in a sum not to exceed $4000 for any loss of income

resulting from the cancellation of his appearance at the June 2013

trial, which was adjourned solely due to plaintiff's counsel's

unavailability. The court entered an October 8, 2014 order

directing that Rushton submit a certification detailing any

claimed lost income resulting from the cancellation of the June

2013 trial. The court subsequently reviewed a certification from

 5 A-4939-14T2
Rushton, and on December 15, 2014, entered an order directing that

plaintiff's counsel pay Rushton's medical practice $4000 "in

reimbursement for the fee paid to [] Rushton."

 In 2015, the case proceeded to trial before a jury against

Lowe only.2 The jury returned a no-cause verdict. Plaintiff

appealed.

 II.

 On appeal, plaintiff makes the following arguments:

 POINT I

 The Trial Court Erred in Sanctioning
 Plaintiff's Counsel and Compelling Payment of
 Defendant Zerbo's Expert Cancellation Fees
 Because the Adjournment of the June 24, 2013,
 Trial Listing Was [] for Good Cause and a Just
 Excuse.
 POINT II

 The Trial Court Erred in Granting Summary
 Judgment on Behalf of Dr. Costabile For
 Failing to File the Complaint Within the
 Applicable Statute of Limitations When
 Plaintiff Included Fictitious Parties Within
 The Complaint and The Court Permitted
 Plaintiff's Motion to Amend the Complaint
 Pursuant to [R.] 4:26-4 Upon Discovery of Dr.
 Costabile's Identity and Role in The Surgery.

 We first consider plaintiff's contention the court erred by

directing that her counsel pay Zerbo's expert, Rushton, for lost

income resulting from the adjournment of the June 2013 trial.

2The claims against the other defendants were dismissed at various
times prior to trial.

 6 A-4939-14T2
Plaintiff argues the adjournment of the trial was necessitated by

his participation in the Camden County jury trial, and that

imposition of a sanction constituted an abuse of discretion.3

 The court determined that plaintiff's counsel should pay

Rushton because counsel was aware of the June 2013 preemptory

trial date in this matter, but began the Camden County trial

without advising the court there about the preemptory trial date

in this matter. We review a trial court's imposition of a sanction

for an abuse of discretion. Cf. Gonzalez v. Safe & Sound Sec.

Corp., 185 N.J. 100, 115 (2005).

 In pertinent part, Rule 1:2-4(a) provides that "[i]f without

just excuse or because of failure to give reasonable attention to

the matter" a party requests an adjournment of a trial, the court

may order that the party making the request pay the "reasonable

expenses" of the "aggrieved party." The record shows plaintiff's

counsel was actively engaged in a jury trial in Camden County,

made a timely request for an adjournment of the June 2013 trial

date in accordance with Rule 4:36-3(b), and his participation in

3We suppressed Zerbo's brief in this matter as nonconforming and,
as such, he has presented no argument in opposition to plaintiff's
contentions. In any event, Zerbo's putative brief did not include
any substantive arguments but relied solely on the reasoning of
the motion court.

 7 A-4939-14T2
the Camden County matter necessitated an adjournment of the

commencement of the trial in this case.

 To be sure, plaintiff's counsel should have communicated with

the Camden County court and the trial court in this case about the

potential scheduling conflict between the two matters. The record,

however, also shows that plaintiff's counsel had been engaged in

settlement negotiations in the Camden County matter, believed it

was going to be resolved and would not interfere with the

commencement of the trial here, and immediately requested the

adjournment in this case when the settlement negotiations failed

and jury selection began in Camden. The court was reasonably

concerned with plaintiff's counsel lack of communication

concerning the potential scheduling conflict, but we are not

convinced the record supports a determination that plaintiff's

adjournment request was without "just excuse" and was the result

of a "failure to give reasonable attention to [this] matter." R.

1:2-4(a). We are therefore constrained to reverse the court's

orders directing that plaintiff's counsel reimburse Rushton for

any purported loss of income due to the trial adjournment.

 We next address plaintiff's argument that the court erred by

granting Costabile's motion for summary judgment. In the first

instance, we affirm the court's award of summary judgment based

on its determination that plaintiff failed to serve an affidavit

 8 A-4939-14T2
of merit as required under N.J.S.A. 2A:53A-26 to -29. The court's

finding that plaintiff failed to serve an affidavit of merit from

a physician licensed in Costabile's area of practice,

anesthesiology, is supported by the record.

 Plaintiff appealed the court's December 15, 2014 order

granting summary judgment to Costabile based on plaintiff's

failure to serve an affidavit of merit, but plaintiff's brief on

appeal does not argue that entry of the order constituted error.

An issue not briefed on appeal is deemed waived. Jefferson Loan

Co. v. Session, 397 N.J. Super. 520, 525 n.4 (App. Div. 2008);

Zavodnick v. Leven, 340 N.J. Super. 94, 103 (App. Div. 2001). We

are therefore satisfied plaintiff waived her right to challenge

the order granting summary judgment based on the failure to serve

the affidavit of merit.

 We are also convinced the court correctly granted summary

judgment on the separate, but equally dispositive, basis that

plaintiff's claim against Costabile is barred by the statute of

limitations, N.J.S.A. 2A:14-2. Plaintiff contends her complaint

against Costabile was timely because Costabile's identity was

unknown, and plaintiff therefore properly asserted her claim

against a fictitiously-named defendant in accordance with Rule

4:26-4. The court rejected plaintiff's argument, finding she

failed to act diligently to discover Costabile's identity prior

 9 A-4939-14T2
to the expiration of the limitations period, and naming a

fictitious defendant did not provide refuge from the statute of

limitations bar to her claim. We agree.

 Rule 4:26-4 provides that "if the defendant's true name is

unknown to the plaintiff, process may issue against the defendant

under a fictitious name, stating it to be fictitious and adding

an appropriate description sufficient for identification." The

Rule "address[es] the situation in which a plaintiff is aware of

a cause of action against a defendant but does not know that

defendant's identity." Worthy v. Kennedy Health System, 446 N.J.

Super. 71, 88 (App. Div.) (quoting Gallagher v. Burdette-Tomlin

Med. Hosp., 318 N.J. Super. 485, 492 (App. Div. 1999), aff'd, 163

N.J. 38 (2000)), certif. denied, 228 N.J. 24 (2016). Rule 4:26-4

"render[s] timely the complaint filed by a diligent plaintiff, who

is aware of a cause of action against an identified defendant but

does not know the defendant's name," ibid. (quoting Greczyn v.

Colgate-Palmolive, 183 N.J. 5, 11 (2005)), because "[w]hen the

plaintiff discovers the party's name, 'amendment of the complaint

may relate back [to] allow an action otherwise time-barred,'"

ibid. (quoting Brown v. Kennedy Mem'l Hosp.-Univ. Med. Ctr., 312

N.J. Super. 579, 587 (App. Div.), certif. denied, 156 N.J. 426,

(1998)).

 10 A-4939-14T2
 "[I]dentification of a defendant by a fictitious name . . .

may be used only if a defendant's true name cannot be ascertained

by the exercise of due diligence prior to filing the complaint."

Id. at 88-89 (quoting Claypotch v. Heller, Inc., 360 N.J. Super.

472, 479-80 (App. Div. 2003)). A plaintiff must proceed with due

diligence in ascertaining the fictitiously identified defendant's

true name. Ibid.; Johnston v. Muhlenberg Reg'l Med. Ctr., 326 N.J.

Super. 203, 208 (App. Div. 1999).

 In Matynska v. Fried, 175 N.J. 51, 53 (2002), the Court

determined that the plaintiff did not "cross the due diligence

threshold" under Rule 4:26-4 where the physician's name appeared

twice in the plaintiff's medical records and even "a cursory look

at the telephone book or a call to . . . the hospital" would have

yielded the identity of the fictitiously named defendant. The

Court concluded that the plaintiff "had an obligation to

investigate all potentially responsible parties in a timely manner

but did not do so." Ibid.

 In all significant respects, the circumstances here are

identical to those presented in Matynska. The record shows

plaintiff obtained her hospital medical records during the

limitations period and they identified Costabile as the

anesthesiologist. Moreover, as the motion judge aptly observed,

plaintiff could have simply contacted the hospital to determine

 11 A-4939-14T2
the identity of the anesthesiologist, but failed to do so. The

record is also otherwise bereft of any evidence showing plaintiff

acted diligently to determine the identity of Costabile during the

limitations period. See Claypotch, supra, 360 N.J. Super. at 479-

80 (holding Rule 4:26-4 permits use of a fictitious name "only if

a defendant's true name cannot be ascertained by the exercise of

due diligence prior to filing the complaint"). The court correctly

concluded plaintiff did not satisfy the "due diligence threshold"

of Rule 4:26-4. Matynska, supra, 175 N.J. at 53. Therefore,

plaintiff's claim against Costabile is barred by the statute of

limitations.

 We reject plaintiff's reliance on Viviano v. CBS, Inc., 101

N.J. 538, 556 (1986), where the Court relaxed the requirements of

Rule 4:26-4 "[u]nder the singular circumstances of [the] case."

The Court in Viviano was satisfied the plaintiff acted with

sufficient diligence to obtain the benefit of Rule 4:26-4, but

relaxed the application of the Rule solely because the delay in

identifying and naming the defendant was due to the "adverse

party['s] fail[ure] to comply with the rules of discovery." Ibid.

There are no similar circumstances presented here.

 Affirmed in part. Reversed in part.

 12 A-4939-14T2